IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *IN RE:* | : | CHAPTER 13 |
| | : | |
| LOUIS E. WAITE | : | |
| DEBORAH A. WAITE | : | CASE NO. 18-11036 |
|     Debtors | : | |

## RESPONSE IN OPPOSITION TO MOTION TO AVOID JUDICIAL LIEN

FIRST COMMONWEALTH FEDERAL CREDIT UNION, by and through its undersigned counsel, Fitzpatrick Lentz & Bubba, P.C., files its response in opposition to the Debtors' Motion to Avoid Judicial Lien as follows:

1.  Admitted.

2.  Admitted in part and denied in part. First Commonwealth Federal Credit Union (the "Credit Union"), admits that this Court has jurisdiction over this motion. The Credit Union further admits that Schedules recite a mortgage lien against the premises in the amount of $162,948.59. The Credit Union denies that the value of the home is only $209,300.00, however. Instead, Debtors' Schedules recite that the fair market value of the home is $230,000.00. Debtors attempt to state the home should be valued as worth 9% less than the fair market value as "liquidation expense," but this is denied. On the contrary, Debtors cannot attempt to artificially depress that value for purposes of this motion. By way of further response, estimated "costs of sale" such as would be incurred in a hypothetical liquidation are not relevant to an analysis of debtor's exemptions and do not affect a calculation of equity for § 522(f) purposes. See, e.g., In re Windfelder, 82 B.R. 367, 372 (Bkrtcy.E.D.Pa., 1988); In re Richardson, 280 B.R. 717, 718 (Bankr.S.D.Ala., 2001); In re Mangold, 244 B.R. 901, 905 (Bankr.S.D.Ohio, 2000); In re Cisneros,

257 B.R. 332, 333, n.1 (Bankr.D.N.M., 2000); In re Sumerell, 194 B.R. 818, 827 (Bankr.E.D.Tenn., 1996).

3. Admitted.

4. Denied. On the contrary, the property value of $230,000.00 less the mortgage value of $162,948.59 and the exemption value of $47,350.00 (with each Debtor claiming the statutory exemption of $23,675.00) leaves equity in the amount of $19,701.41. Pursuant to 11 U.S.C. §522(f), Debtors are only entitled to avoid the judicial lien to the extent that it impairs their exemptions. In re Lownes, 437 B.R. 182, 187 (E.D. Pa. 2010) ("A portion of the lien that does not impair the exemption is not avoidable.") Therefore, only part of the judicial lien can be avoided.

5. Admitted in part and denied in part. As the Debtors' exemptions are only partially impaired only part of the judicial lien may be avoided and $19,701.41 must remain.

WHEREFORE, First Commonwealth Federal Credit Union requests this Honorable Court respectfully requests that this Court enter an Order denying Debtor's Motion to Avoid Judicial Lien.

JOSHUA A. GILDEA

FITZPATRICK LENTZ & BUBBA, P.C.
4001 Schoolhouse Lane
P. O. Box 219
Center Valley, PA 18034-0219
(610) 797-9000

Dated: August 24, 2018             By: _/s/ Joshua A. Gildea_
                                   Attorney for First Commonwealth Federal Credit Union

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *IN RE:* | : | CHAPTER 13 |
| | : | |
| LOUIS E. WAITE | : | |
| DEBORAH A. WAITE | : | CASE NO. 18-11036 |
| Debtors | : | |

## CERTIFICATE OF SERVICE

I, Joshua A. Gildea, attorney for First Commonwealth Federal Credit Union, hereby certify that I have filed the within document electronically and it is available for viewing on-line.

FITZPATRICK LENTZ & BUBBA, P.C.

Dated: August 24, 2018              By   */s/ Joshua A. Gildea*
                                    4001 Schoolhouse Lane
                                    P.O. Box 219
                                    Center Valley, PA  18034-0219
                                    (610) 797-9000
                                    Attorney for First Commonwealth Federal Credit Union